[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1 (E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2 (G) (1).
This appeal by Deanna White challenges the Hamilton County Juvenile Court's order granting permanent custody of her four children to the Hamilton County Department of Human Services (DHS). White raises three assignments of error for our review.
Prior to addressing White's first and second assignments of error, we note that the issues raised therein arise out of a magistrate's decision dated October 30, 1998. Pursuant to Juv.R. 40 (E) (3), we could disregard these assignments of error because White failed to file objections to that decision. Despite White's failure to follow Juv.R. 40 (E) (3), we review her assignments of error to determine if a reversal is warranted based upon the plain-error doctrine. See In re Etter (June 12, 1998), Hamilton App. No. C-970510, unreported.
White's first and second assignments of error are interrelated, and we address them together. White claims that the trial court erred in granting permanent custody to DHS because the necessary factors under R.C. 2151.414 (E) did not exist or were not supported by sufficient, credible evidence.
The record reveals that White did not complete the parenting training demanded by the court, that White failed to realize that her methods of disciplining her children constituted physical abuse and lack of impulse control, and that White failed to remedy the conditions that caused the children to be placed outside the home. The record also reflects that the children's fathers have failed to support, visit, or communicate with the children. Thus, the magistrate correctly found, by clear and convincing evidence, that the children could not be placed with a parent in a reasonable time and should not be placed with any parent. R.C. 2151.414 (E).
The magistrate also correctly concluded that the award of permanent custody was in the best interests of the children. R.C. 21151.414 (D). The record demonstrates that the children were able to form attachments with their foster parents, but did not display affection for White. The children often appeared fearful of White, whose methods of discipline have inflicted pain and injury upon the children. Despite the fact that two of White's children wanted to live with their mother, the risk of injury to the children outweighed their desires.
The record is replete with evidence sufficient to support the magistrate's findings and the order of the juvenile court. Therefore, we overrule the first and second assignments of error.
In White's third assignment of error, she claims that the court should not have granted permanent custody to DHS because DHS filed its motion for permanent custody twenty-seven days before the expiration of the temporary custody period rather than the thirty days required by the statute. R.C. 2151.415 (A). This untimely filing was not necessarily a harmless error on the part of DHS, and a failure to raise an objection to the untimeliness of the motion was not a waiver by White of her parental rights. Although DHS was remiss in its untimely filing of its motion for permanent custody, the juvenile court retained jurisdiction over the matter to allow for further dispositional orders because the problems that gave rise to the original grant of temporary custody had not been resolved. See In re Young (1996), 76 Ohio St.3d 632,669 N.E.2d 1140. Therefore, we overrule White's third assignment of error.
For all of the foregoing reasons, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
To the Clerk:
Enter upon the Journal of the Court on November 3, 1999
per order of the Court _______________________________. _______________________________________________ Presiding Judge